## BECKER et al. v. DAVID.

### No. 10415.

United States Court of Appeals
District of Columbia Circuit.

Argued March 23, 1950.

Decided April 24, 1950.

Mr. Norman B. Frost, Washington, D. C., with whom Messrs. Webb C. Hayes, III, and Jerome F. Barnard, Washington, D. C., were on the brief, for appellants.

Mr. Albert Brick, Washington, D. C., for appellee. Mr. Leonard J. Furbee, Washington, D. C., also entered an appearance for appellee.

Before CLARK, FAHY and KIMBROUGH STONE,* Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from a jury verdict awarding damages to the plaintiff-appellee for injuries sustained from a fall in the hallway of the defendants' building. The accident was caused by a slippery condition resulting from moisture on the floor. Although the evidence is in sharp conflict on the point, there was sufficient testimony from which a jury could find that it had rained hard enough during the crucial times of the day in question to have enabled water to be tracked in from the street. The defendants' negligence was established from the evidence which demonstrated that it had been raining intermittently for some time prior to the accident and that defendants customarily put a rubber mat down in the hall whenever it commenced to rain. On this day the mat was not down.

The rules as to notice and duty in these "slipping" cases are laid down in Doctors Hospital v. Badgley, 1946, 81 U.S.App. D.C. 171, 156 F.2d 569, where we held that a jury was entitled to infer that a floor in the hallway of a building through which people passed could, on a rainy day, become wet from the trackings and drippings of those people as they entered from the street. Likewise, we said that such deposits of water accumulated by a gradual process, and that a jury might fairly think that due care required, during this time, discovery of the wetting process, or a realization that it must be going on and some effort to obviate it.

Appellants also object to the lower court's charge in regard to the meaning of proximate cause. A careful examination of the record, however, demonstrates that they have precluded themselves from raising that point before us now by virtue of having waived it below.

The other objections of the appellants have been carefully examined, and we find them deficient for the purposes of warranting a reversal.

Affirmed.

* Sitting by designation.