Angelo GRASSO, Appellant,

v.

**BLUE BELL WAFFLE SHOP, INCOR-
PORATED, Appellee.**

No. 2594.

Municipal Court of Appeals for the
District of Columbia.

Argued August 22, 1960.

Decided Oct. 14, 1960.

John G. Saul, Washington, D. C., for
appellant.

William J. Donnelly, Jr., Washington,
D. C., with whom Richard W. Galiher and
William E. Stewart, Jr., Washington, D. C.,
were on the brief, for appellee.

Before ROVER, Chief Judge, HOOD,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation under
Code § 11–776(b).

HOOD, Associate Judge.

This appeal is from judgment on a
directed verdict in favor of a restaurant
company in an action against it by a cus-
tomer who claimed damages for personal
injuries received while in one of its restau-
rants. Determination of the correctness of
the directed verdict requires consideration
of the customer's evidence viewed in the
light most favorable to him. The evidence
was confusing in some details, but essential-
ly it was the following.

The restaurant is small and has no
tables. Food is served at a counter which
has about twelve stools. Grasso, appellant,
had been a customer for several years, and
on this particular occasion went there
about 2:00 o'clock in the afternoon. About
twenty minutes later, when the restaurant
was well filled with customers, including
two women, a man named Carter came in.
Carter had worked on and off for the
restaurant for some time and was known
by Grasso. On this particular day Carter
was not working. When he came in he

was under the influence of liquor and was "loud" and shouted out that he was "disgusted and regusted." A customer named Nelson told him to be quiet, calling his attention to the women customers. Carter sat down at the counter and gave an order. The counterman told him to keep quiet if he wished to be served and he remained quiet until he had been served and had eaten. He then got up and walked toward the kitchen shouting and using profane language.

In the kitchen the manager, who knew Carter had been drinking, told Carter he wanted no trouble and asked him to leave. Carter agreed to leave, left the kitchen and as he came from behind the counter he suddenly grabbed appellant Grasso and the customer Nelson around their heads in what was described as a "bear hug." (Carter was more than six feet tall and weighed over 200 pounds.) Nelson punched him in the ribs and he released the two. Grasso then asked Carter to leave before he got into trouble and then without warning Carter struck Grasso in the eye. A fight between them ensued, with Carter having the best of it because of his size. Someone called a policeman who later found and arrested Carter. According to the policeman Carter at the time of arrest was very intoxicated.

At trial considerable effort was spent in trying to establish whether on the day of the occurrence Carter was an employee, a suspended employee, or discharged employee of the restaurant. In our view the exact relation between Carter and the restaurant is not material, for it is agreed by all that Carter was not working for the restaurant on the day in question and the occurrence between Grasso and Carter had no connection with Carter's then or prior employment.

■ In Gregorc v. Londoff Cocktail Lounge, Inc., Mo.1958, 314 S.W.2d 704, 707, it was said:

"As a general rule the proprietor of a place of public resort is subject to liability to his business invitees for injuries inflicted by the acts of other patrons or third persons if the proprietor by the exercise of reasonable care could have known that such acts were being done or were about to be done and could have protected his customers by controlling the conduct of the other persons or by giving an adequate warning so as to enable his customers to avoid the harm being threatened by third persons."

The above statement is in accord with modern authority. See Restatement, Torts, § 348; 65 C.J.S. Negligence, § 45 c; 29 Am.Jur., Innkeepers, § 62. Thus our question is whether on the evidence above stated a jury could reasonably find that the restaurant employees by the exercise of reasonable care should have anticipated that Grasso or any of the other customers might be injured by Carter and whether they took reasonable steps to prevent such injury.

The restaurant company argues that the mere presence in a restaurant of a person who has been drinking, as a matter of law, does not constitute a potential danger likely to cause injury to others, and that until the time of the occurrence Carter's actions were not belligerent. But here was a man, physically powerful, who was obviously disgruntled, loud, boisterous and profane, and who displayed no consideration or respect for the other customers; and in addition he was intoxicated.

In Sylvester v. Northwestern Hospital of Minneapolis, 1952, 236 Minn. 384, 53 N.W. 2d 17, 20, it was said:

"Although intoxication produces a variety of physical and mental reactions which vary with the individual and the amount of alcoholic intake, authorities recognize that drunken behavior is unpredictable; also that slight irritations, real or imaginary, may cause outbursts of anger and lead to aggressive acts."

Under the circumstances here presented we think there was a jury question whether those in charge of the restaurant should reasonably have anticipated that Carter might injure a customer and whether they took reasonable means to prevent such injury. It was error to direct a verdict.

Reversed with instructions to grant a new trial.