**Vivian J. JOHNSON, Appellant,**

**v.**

**SAFEWAY STORES, INC., C. T. Corporation System, Appellee.**

**No. 5003.**

District of Columbia Court of Appeals.

Argued Feb. 17, 1970.

Decided May 22, 1970.

Stephen H. Galt, Washington, D. C., for appellant.

William Clague, Washington, D. C., with whom Francis C. O'Brien and Anthony E. Grimaldi, Washington, D. C., were on the brief, for appellee.

Before FICKLING, KERN and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge.

This is an appeal from a judgment notwithstanding the verdict entered for de-

---

fendant Safeway in a "trip and fall" case. Plaintiff-appellant was proceeding along the exit side of the check-out stands on her way into the store area to shop. When she passed behind the last of four check-out stands on her left, she attempted to round the corner into the shopping area and, as she proceeded, tripped and fell over a hand basket on the floor. The hand basket was one of a type provided by the store for customers' use in shopping.

According to the usual store procedure, cashiers stacked the hand baskets on the floor to the rear of their check-out counters as customers passed through. The store manager testified that customers sometimes put their baskets into these stacks after they have checked out if requested to do so by the cashier. Periodically, store personnel removed the baskets at the rear of the check-out counters and placed them in two "nesting racks" on the opposite side of the store from where the incident in question occurred.

In announcing judgment notwithstanding the jury verdict for defendant, the trial court stated it had serious misgivings in submitting the case to the jury and, accordingly, had reserved ruling on defendant's motion for directed verdict at the close of all the evidence, heeding the admonitions of the appellate courts in these circumstances.[1]

The salient considerations here are that plaintiff tripped over a store-provided shopping basket which was on the floor close to the point where a check-out clerk stacked such baskets to the rear of the check-out counter. There was no evidence as to how the basket got there or how long it had been there; and there was no evidence that any store personnel knew it was there. It was clear from the evidence that these baskets are handled both by store personnel in stacking them and by customers while shopping.

Because of these gaps in the evidence, which are not uncommon in "slip or trip and fall" litigation, appellant found it necessary to take the position that the store created the condition causing the fall,[2] or that the store procedure in stacking baskets at the end of check-out counters was negligent. None of the testimony adduced warranted the inference that the store had actual or constructive notice that the basket was there. In the absence of that inference the store would not be responsible if a customer had placed the basket on the floor. We first consider whether the evidence could reasonably lead to a finding that the store created the condition which caused the fall.

It is apparent at the outset that this case is distinguishable from Lehman v. Great Atlantic & Pacific Tea Co., D.C. Mun.App., 136 A.2d 397 (1957), relied upon by appellant, where a customer fell over an empty milk crate. There this court stated that customers do not ordinarily have occasion to handle milk crates but, rather, they are pieces of equipment for use by store employees. For this reason alone, we held it permissible for the trier of facts to find that the crate was placed where it was by an employee of the store. Here, however, we are considering shopping baskets which are handled regularly by store employees and customers alike.

One is reduced to speculation in this case as to how the basket got into appellant's path. Perhaps the check-out clerk carelessly tossed it there; or maybe a customer did, possibly by picking up two baskets together and shaking one loose and leaving it where it dropped. Viewing the evidence in the light most favorable to appellant, as we must, it strikes us that there is as much, or as little, to be said for one conjecture as another. And juries cannot be allowed to speculate. They may deduce but not guess, though the line be-

---

1. See, e. g., Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App. D.C. 117, 122, 406 F.2d 653, 658 (1968).

2. This is acknowledged in Brief for Appellant at 5.

tween the two is sometimes hard to discern. *Seganish, supra,* 132 U.S.App.D.C. at 120, 406 F.2d at 656.

■ Finally, we come to whether the system of storing the baskets was such as to lead to this accident. There is nothing in the record to demonstrate that stacking the baskets at the rear of the check-out counter, with periodic removal to general racks in a nearby area of the store, was not a prudent procedure.

We find no error in the trial court's grant of judgment to the defendant notwithstanding the verdict.

Affirmed.