Leona HARRIS, Appellant,

v.

H. G. SMITHY CO., Inc., et al.

No. 22833.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 12, 1970.

Decided June 15, 1970.

13. *Id.* at 56, 59.

Mr. Ernest C. Dickson, Washington, D. C., for appellant.

Mr. Jerome S. Berg, Washington, D. C., for appellees. Mr. Lawrence E. Carr, Jr., Washington, D. C., was on the brief for appellees.

Before BAZELON, Chief Judge, LEVENTHAL, Circuit Judge and JAMESON,* Senior District Judge.

BAZELON, Chief Judge.

This is an appeal from a judgment dismissing an action for personal injuries. Appellant is a tenant in an apartment building owned and managed by appellees. She was injured by slipping and falling on the terrazzo floor of the apartment house lobby on a rainy day. The trial court, sitting without a jury, concluded that the landlord had neither actual nor constructive notice of the wet and slippery condition of the floor, and hence had no duty to take corrective action. Because that conclusion rests on an erroneous interpretation of the controlling principle of law, we reverse and remand for a new trial.

A landlord who rents separate parts of his premises to a number of different tenants has a duty to use reasonable care to keep the common passageways free of dangerous conditions. Pessagno v. Euclid, 72 App.D.C. 141, 112 F.2d 577 (1940). A wet and slippery floor is clearly a dangerous condition. But reasonable care requires the landlord to correct the condition only after a reasonable opportunity for notice of the danger. C. W. Simpson v. Langley, 76 U.S.App.D.C. 365, 131 F.2d 869 (1942).

The ruling below was apparently based on the view that constructive notice of a wet and slippery lobby floor could arise only from evidence that the floor had actually been wet for a substantial period of time. The trial court found appellant's case fatally defective for failure to show that for a substantial period of time before the fall there was water on the floor or traffic in the lobby.

In this case the evidence clearly shows that at the time of the accident, rain was falling and the lobby floor was wet. The trial court so found, concluding that there was no showing of the necessary notice because there was no evidence that numerous people had passed through the lobby before the accident, tracking in water. In our view, however, evidence of a substantial period of rain is sufficient to give a landlord constructive notice of the foreseeable hazards that may result from that rain, including the risk that water will be tracked into an apartment lobby and the floor will become slippery. *See* Doc-

* Sitting by designation pursuant to the provisions of Title 28, U.S. Code, Section 294(d).

tors Hospital, Inc. v. Badgley, 81 U.S. App.D.C. 171, 156 F.2d 569 (1946).

■■ A landlord's duty of care must be measured by a flexible standard, that reflects community expectations and meets the needs of contemporary urban life. Levine v. Katz, 132 U.S.App.D.C. 173, 175, 407 F.2d 303, 305 n.6 (concurring opinion). Modern apartment dwellers expect not merely a space in which to live, but a "well-known package of goods and services—a package which includes * * * proper maintenance." Javins v. First National Realty Corp., 138 U.S.App.D.C. ——, ——, 428 F.2d 1071, 1074 (1970). Minimal standards of proper maintenance require the landlord to anticipate dangerous conditions that recur regularly, and to take some precautions.

■ If rain and the normal traffic of tenants regularly result in a slippery lobby floor, then a landlord cannot wait each time it rains for notice that the floor is wet. Apartment dwellers today are entitled to assume that management will take reasonable steps to ensure the safety and cleanliness of common areas in constant use, such as the front entrance lobby. Liability for negligence does not require notice of the particular puddle that caused the fall. It is sufficient to show notice of rain, combined with the probability that in rainy weather tenants will track in water and the lobby floor will become slippery. Harris v. Joffe, 28 Cal.2d 418, 170 P.2d 454 (1946); cf. Klein v. United States, 339 F.2d 512 (2d Cir. 1964); Rodenbur v. Kaufmann, 115 U.S.App.D.C. 360, 320 F.2d 679 (1963).

The instant case turns in part, therefore, on the question whether rain had been falling for a sufficient period of time before the accident to give the landlord constructive notice of the danger of a slippery lobby floor. The findings of the trial judge are ambiguous on this point, because in his view constructive notice required not only evidence of rain but also evidence of a wet floor for a substantial period of time before the accident. His treatment of the evidence, however, requires some comment.

The plaintiff testified that it was raining shortly before she fell, at about 1 p. m., but she did not testify that it had been raining earlier in the day. Weather bureau reports were introduced to show that it had been raining all day, but the trial judge noted that these reports were based on observations taken at the National Airport, ten miles from the site of the accident, and "it is a matter of common knowledge that it may rain in one part of the city and not in another."

■ We think the trial judge's approach to the weather reports was improper as a matter of law. Weather bureau reports are not conclusive, but they certainly constitute evidence of high quality, as the same judge earlier noted in Robinson v. Park Central Apartments, 248 F.Supp. 632, 636 (D.D.C. 1965). No evidence was introduced to rebut the evidence of morning rain, or to indicate that conditions at the apartment house that morning were different from those at the airport. The evidence was therefore sufficient to present to the trier of fact the issue whether there had been a substantial period of rain at the apartment house before the accident.

If the case had been tried to a jury, the court would have instructed the jury to decide (1) whether there was a sufficient period of rain to provide constructive notice of the danger of a slippery lobby floor, and (2) if so, whether appellees exercised reasonable care in responding to that danger. On a trial to a judge there are no instructions, of course, but the same questions of fact must be resolved.

There was evidence at trial that rubber mats are commonly used on floors of this type in rainy weather. Cf. Scott v. United States, 158 F.Supp. 810 (N.D.N. Y.1957); Pignatelli v. Gimbel Bros., 285 App.Div. 625, 140 N.Y.S.2d 23 (Sup. Ct.), aff'd, 309 N.Y. 901, 131 N.E.2d 578 (1955). Indeed, the building superintendent testified that he had asked the

management to install rubber mats, but was told they would only be stolen. Therefore it was his practice simply to mop the lobby floor whenever he saw or was told it needed mopping.

It may well be that a practice of prompt and frequent mopping would suffice to guard against the danger of slippery wet floors. It is for the trier of fact to determine what constitutes reasonable care under the circumstances. Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C. 117, 121, 406 F.2d 653, 657 (1968). But the court below never inquired into the adequacy of appellee's practices with respect to mops and rubber mats, because of its conclusion that appellee had no notice of the slippery condition of the floor and hence no duty to correct it. Since that conclusion was based on an erroneous principle of law, the case must be reversed and remanded for a new trial.

So ordered.