**Janie B. SMITH, Appellant,**

v.

**SAFEWAY STORES, INC., Appellee.**

**No. 6268.**

District of Columbia Court of Appeals.

Argued Aug. 7, 1972.

Decided Dec. 20, 1972.

---

A. J. Spero, Washington, D. C., for appellant.

William Clague, Washington, D. C., with whom Francis C. O'Brien, Washington, D. C., was on brief, for appellee.

Before KELLY, FICKLING and GALLAGHER, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from a judgment in favor of defendant Safeway Stores in a personal injury action. Appellant slipped and fell on an unidentified piece of debris when leaving the checkout counter at appellee's store. The trial court bifurcated the proceedings, requiring the plaintiff to establish liability before evidence of damages could be presented. At the close of all the evidence relating solely to liability the trial court directed a verdict in favor of the defendant. The question presented on appeal is whether, viewing the evidence in a light most favorable to plaintiff, there was sufficient evidence introduced from which a jury could reasonably infer negligence on the part of defendant.[1]

1. Super.Ct.Civ.R. 50(a); Baker v. D.C. Transit System, Inc., D.C.App., 248 A.2d 829 (1969). *See* 5A J. Moore, Federal Practice ¶ 50.02[1] (2d ed. 1971).

Plaintiff testified that she picked up her bag of groceries at the checkstand, turned toward the store exit, and slipped and fell, striking her head on the floor. Mr. Kenneth Morris, a store security guard who saw the accident,[2] went to her assistance and helped her to her feet. Both she and the guard then noticed "a black glob of dirt" and a "skid mark." The "glob" or debris was approximately the size of a dollar bill. Appellant also testified that there was "some more dirt on the floor," although there was some dispute as to whether statements in a deposition contradicted that testimony.

Mr. Morris, the guard, corroborated appellant's testimony regarding the "black glob." He also clarified the amount of dirt and debris on the floor:

WITNESS: Well, like this particular day, it was,—the store was quite,—well you might say quite dirty. I mean, in a sense of speaking.

Q: Now, was that dirty condition—

THE COURT: What do you mean "dirty"? Do you mean just grit and dirt tracked in, or what do you mean[4]

A: Well, see, like I said, dirt had been tracked in plus you had, you know, kids running in and out and, you know, they dropped stuff on the floor and what not and you can't control that. [Tr. at 49.]

The weather was clear, with no indication that the amount of dirt tracked in by customers was abnormal, or that the floor was wet.

Mr. Morris had not previously noticed the "black glob" before the accident. Although it was not one of his assigned duties, he made it a practice to pick up trash such as banana peels while making his rounds of the store. He also testified that the floor was in a dirty condition when he came on duty at noon, that the floor was normally swept every two hours, and that it had not been swept that day between noon and four o'clock, the time of the accident. No other evidence was presented by appellant, nor, for that matter, did the defense offer any evidence on liability. Appellant contends that the above testimony was sufficient evidence to submit the case to the jury. We disagree.

██ Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C. 117, 406 F.2d 653 (1968), relied upon by appellant, sets forth principles applicable to cases of the slip and fall variety. A grocer is responsible for injuries resulting from his or his employees' negligence; he is not an insurer of the condition of his store.[3] To find negligence, there must be a showing that the store breached its duty of due care to appellant. That duty includes taking reasonable precautions to maintain the store premises in a condition so as not to create an unreasonable risk of harm to customers.

In *Seganish,* the customer slipped on vegetable matter which was on a wet floor next to the vegetable counter. A store employee sprinkled the vegetables daily, a practice which often resulted in water on the floor which was removed by mopping as necessary. Moreover, the amount of vegetable matter on the floor indicated "that it was so long in the making that reasonable oversight of the premises would have detected it and prompted its riddance prior to Mrs. Seganish's fall." *Seganish, supra* at 121, 406 F.2d at 657. These facts led the court to conclude that a jury could find constructive notice of the hazard on the part of the store and that a question was raised as to whether periodic mopping

---

2. Mr. Morris was not employed by the store directly, but by a private security agency which was under contract to provide guards for the store. By the time of trial, Mr. Morris was no longer employed by the agency as it had since gone out of business.

3. Seganish v. District of Columbia Safeway Stores, Inc., 132 U.S.App.D.C. 117, 119, 406 F.2d 653, 655 (1968).

fulfilled the store's obligation of reasonable care under the circumstances.

In the present case, such facts do not exist. There is no showing that store employees had created the hazard or that the "black glob" was the type of debris a store would normally expect customers to deposit on the floor. Nor were there any attending circumstances such as inclement weather which should have put the store on notice, constructive or otherwise, of mud, water, or special debris accumulations. Rather, we have "the mere presence on the floor of a single piece of . . . debris for an undetermined period which might indicate neither that the grocer caused it to be there nor that he knew or should have known that it was there." *Seganish, supra* at 121, 406 F.2d at 657.

Appellant argues that the failure to sweep for a four-hour period, a deviation from the normal practice, constitutes abandonment of a safety practice. But there is no showing of necessity for such sweeping, or that the "black glob" was of such a nature as to have been on the floor for a significant period of time. The "trash" described by Mr. Morris as being on the floor was, by his admission, no more than the ordinary grime of foot traffic through the store. Sweeping, in the circumstances of this case, is not what we would ordinarily characterize as a "safety practice," and failure to sweep, without more, does not in this jurisdiction constitute negligence.

Appellant also relies on Harris v. H. G. Smithy Co., 139 U.S.App.D.C. 65, 429 F.2d 744 (1970). *Harris* involved a slip and fall in the common area of an apartment building. It had been raining and water tracked in by other tenants had made the floor slippery. The landlord had refused to install rubber mats on the ground that they would only be stolen. Under the circumstances, the court held, a jury could find that the landlord had constructive notice of a potential hazard which he failed to avert by taking reasonable precautions.

Here, we have no facts from which a jury could infer constructive notice. No showing was made that defendant store did or should have foreseen the presence of debris of the nature described or that reasonable precautions could have prevented the accident. Brodsky v. Safeway Stores, 80 U.S.App.D.C. 301, 152 F.2d 677 (1945).[4]

The judgment below is

Affirmed.

---

4. Appellant also relies on Safeway Stores, Inc. v. Preston, 106 U.S.App.D.C. 114, 269 F.2d 781 (1959) ; Becker v. David, 86 U.S.App.D.C. 347, 182 F.2d 243 (1950) ; and Doctors Hospital v. Badgley, 81 U.S.App.D.C. 171, 156 F.2d 569 (1946), but they, like Harris v. H. G. Smithy Co., 139 U.S.App.D.C. 65, 429 F.2d 744 (1970), involved substantial proof of negligence and are therefore also distinguishable from the instant case. *See* McKnight v. Wire Properties, Inc., D.C.App., 288 A.2d 405 (1972) ; Kincheloe v. Safeway Stores, Inc., D.C.App., 285 A.2d 699 (1972) ; Johnson v. Safeway Stores, Inc., D.C. App., 265 A.2d 596 (1970) ; Howard v. Safeway Stores, Inc., D.C.App., 263 A.2d 656 (1970).