Leroyal GRAHAM, a minor, by Margaret Graham, next friend, et al., Appellants,

v.

SAFEWAY STORES, INC., Appellee.

No. 7750.

District of Columbia Court of Appeals.

Submitted Jan. 22, 1974.

Decided March 11, 1974.

·Andrew L. Geisler, Washington, D. C., for appellants.

Joel Savits, Washington, D. C., William D. Appler, Washington, D. C., pro hac vice, and Dennis R. Santoli, for appellee.

Before REILLY, Chief Judge, and FICKLING and GALLAGHER, Associate Judges.

FICKLING, Associate Judge:

This is an appeal from a summary judgment entered by the court below in favor of appellee upon appellant Leroyal Graham's complaint that he suffered personal injuries as a result of appellee's negligence. We affirm.

The deposition established the following: Appellant, a 14-year-old, entered one of appellee's stores at approximately 5:30 p. m. on January 25, 1969; he had been sent there by his mother to purchase soap powder. Shortly thereafter, another customer entered the store and asked appellant to watch his wagon. Agreeing to do so, appellant placed the wagon behind him near the front store window.*

While he was watching the wagon, his 14-year-old friend, Brenda Smallwood, came into the store and began talking with him. As they were talking, Brenda unexpectedly pushed him. Appellant explained that as a result of this push, he fell backwards "like I was going to sit down in the wagon, but it moved, and I sit [sic] down in the window, and my back hit the window and glass broke." He was pulled from the window by a customer and taken to the hospital for treatment of cuts on his left leg. Appellant also stated in an affidavit that Brenda had pushed him at school on previous occasions, and that he had observed a crack and a hole in the window against which he fell.

The only question raised by this appeal is whether the trial judge erred in granting summary judgment in favor of appellee.

Appellant contends there is evidence that appellee carelessly permitted a wagon to be placed adjacent to a broken window on the store premises. He argues the court erred in granting summary judgment because this evidence created factual issues from which a jury might reasonably infer that appellee was negligent and that such negligence was the proximate cause of his injuries. We disagree.

■ In negligence cases the defendant's motion for summary judgment is properly granted by the trial judge where the evidence is insufficient, as a matter of law, to show a breach of duty on the part of the defendant. Blumenthal v. Cairo Hotel Corp., D.C.App., 256 A.2d 400 (1969). As we pointed out in Blumenthal at 402, "in order to gain the jury's consideration the plaintiff must first present evidence substantial enough to justify reasonable men in inferring that the defendant was negligent."

■ In the past we have discussed the duty of the grocer to protect his customers from injury by the negligent and intentionally harmful acts of third persons. Viands v. Safeway Stores, Inc., D.C.Mun.App., 107 A.2d 118 (1954). The grocer is not an insurer of the customer's safety; however, he will be held liable if he has not taken reasonable and appropriate measures to restrict the conduct of third parties which he should have been aware of and should have realized was dangerous. Viands, supra at 120, and cases cited thereat. Moreover, the determination of whether there is sufficient evidence of violation of this standard to warrant submission to a jury is largely a question of judgment in each case. Schwartzman v. Lloyd, 65 App.D.C. 216, 218, 82 F.2d 822, 824 (1936).

■ In the instant case appellant's evidence shows that he was watching a wagon in front of a window he knew to be bro-

---

* Appellant's testimony conflicts as to whether he or the customer placed the wagon by the window. At one point in the deposition, he said the customer placed the wagon by the window.

ken. During that time he engaged in conversation with a friend who had pushed him on a number of previous occasions and who, on this occasion, pushed him so that he fell back onto the wagon and through the window. In our judgment, based upon the evidence before us, appellee was not under a duty to foresee and guard against unexpected events of this sort. *See* Rincon v. Berg Co., 60 S.W.2d 811 (Tex.Civ. App.1933). To hold otherwise and require grocers to anticipate such unforeseeable incidents—in the absence of compelling justification—would be akin to rendering them the absolute insurers of the safety of all people on their property. This, of course, is not the law in our jurisdiction.

We hold that appellee was not under an affirmative duty to both foresee and protect appellant against the unexpected, intentional pushing of Brenda. There being no genuine issue of material fact concerning whether appellee exercised reasonable care, the trial judge correctly granted summary judgment in favor of appellee.

Affirmed.