Irene BRYANT, Appellant,

v.

Marion BARRY, et al., Appellees.

No. 81–1459.

District of Columbia Court of Appeals.

Argued Nov. 9, 1982.

Decided March 3, 1983.

Lawrence E. Williams, Jr., Neighborhood Legal Services, Washington, D.C., for appellant.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellees.

Before KELLY, MACK and BELSON, Associate Judges.

PER CURIAM:

In this appeal from the grant of appellee's motion for summary judgment, appellant Bryant charges that the trial court erred in denying her an administrative trial-type hearing under the District of Columbia Administrative Procedure Act (hereinafter DCAPA) to resolve disputes about her overdue water sewer service bill.[1] We

1. Appellant also contends that D.C.Code § 43–1521b (1973) is unconstitutional because it fails

to comport with the requirements of due proc-

are unpersuaded by appellant's arguments and affirm.

I

In December 1978, appellee[2] sent appellant a water/sewer service bill in the amount of $951.85. The bill represented current usage for the period of March 13, 1978 through September 5, 1978, plus arrearages for the period of August 26, 1976 through March 13, 1978. Appellant disputed the amount of the arrearages and requested an opportunity to contest the bill in a trial-type hearing pursuant to the provisions of the DCAPA. Her request was denied and she was advised by appellee what procedure she should follow to contest the bill.[3] Appellee also informed appellant that the disputed bill was accurate; that inspections of the premises had disclosed leaking toilets as the cause of the excessive bills; and that the inspections had revealed no leaks in the underground service between the meter, the curb and the premises.

In April 1980, appellant filed this action in the Superior Court of the District of Columbia. After hearing the arguments of both parties on cross-motions for summary judgment, the court granted appellee's motion, thereby denying appellant the requested trial-type hearing.

II

The District of Columbia Administrative Procedure Act provides for a trial-type hearing only where such a hearing is required by an "organic act" or by constitutional right.[4] D.C.Code § 1–1502(8) (1973);[5] *Capitol Hill Restoration Society, Inc. v. Moore,* 410 A.2d 184, 187 (D.C.1979); *Chevy Chase Citizens Association v. District of Columbia Council,* 327 A.2d 310, 314 (D.C. 1974) (en banc).

The language of the "organic act" at issue here, section 43–1521b of the D.C.Code (1973),[6] which authorizes the termination of water services, does not provide a right to a hearing.[7] Therefore, in order to determine

---

ess. We conclude that this claim is meritless. We do not address it separately, however, because appellant's argument is that the DCAPA establishes what process is due under § 43–1521b and we discuss that question with regard to her other claims.

2. For the sake of simplicity, we will refer to the appellees herein, District of Columbia Mayor Marion Barry, and William Johnson and Edward Scott of the District of Columbia Department of Environmental Services, as "appellee."

3. Appellee sent appellant a letter in June 1979, which provided these alternative procedures:
    (1) The customer may pay the bill and notify us in writing that it is being paid under protest. We will investigate and notify the customer in writing whether we have found any error and, if so, will refund to the customer the amount of any overcharge. If the customer is still not satisfied, the customer may request an interview by calling 727–5240.
    (2) The customer may contest the bill before paying by notifying us in writing within ten (10) days after the customer receives the bill why the customer believes it to be inaccurate. The customer will not be subject to any penalty of service cut-off charge for late payment until we have investigated the claim and sent written notice of the results of our investigation. That notice will set forth the

amount to be due and the new date by which it must be paid.
    Since May 1980, this information has been printed on the back of all water/sewer service bills.

4. D.C.Code § 1–1502(8) (1973) provides:
    The term "contested case" means a proceeding before the Commissioner, the Council, or any agency in which the legal rights, duties, or privileges of specific parties *are required by any law (other than this chapter), or by constitutional right, to be determined after a hearing* before the Commissioner or the Council or before an agency, but shall not include (A) any matter subject to a subsequent trial of the law and the facts de novo in any court; (B) the selection or tenure of an officer or employee of the District; (C) proceedings in which decisions rest solely on inspections, tests, or elections; and (D) cases in which the Commissioner, Council, or an agency act as an agent for a court of the District . . . . [Emphasis added.]

5. Recodified as D.C.Code § 1–1502(8) (1981).

6. Recodified as D.C.Code § 43–1528 (1981).

7. D.C.Code § 43–1521b (1973) provides:
    The Commissioner of the District of Columbia is authorized to provide for the collec-

whether such a right exists under these circumstances, we consider whether due process requires a trial-type hearing.

In *Memphis Light, Gas & Water Division v. Craft,* 436 U.S. 1, 11–12, 98 S.Ct. 1554, 1561, 56 L.Ed.2d 30 (1978), the Supreme Court held that municipal utility customers have a "property interest" in utility services where such services may be terminated only "for cause." Thus, appellant in this case has a property interest in the water services provided by the District. Section 43–1521b of the D.C.Code authorizes the Mayor to discontinue water services if the owner or occupant of the premises has failed to pay the water charges. *See supra* note 7. Consequently, water services in the District of Columbia can be terminated only "for cause."

Although we recognize that appellant has a property interest in water services, due process does not require that she receive a trial-type hearing to resolve a dispute regarding her bill. *See Memphis Light, Gas & Water Division v. Craft, supra,* 436 U.S. at 16, 98 S.Ct. at 1564. After weighing the factors for determining the type of hearing due, as set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), the Court concluded

that due process is satisfied by "the provision of an opportunity for the presentation to a designated employee of a customer's complaint that he is being overcharged or charged for services not rendered." *Memphis Light, Gas & Water Division v. Craft, supra,* 436 U.S. at 16, 98 S.Ct. at 1564. The procedures that appellee established for its customers to protest their water bills adequately provided appellant with such an opportunity.[8] Thus, under these circumstances, due process does not require a trial-type hearing.

As appellant has neither a statutory nor a constitutional right to an administrative trial-type hearing, she has no right to such a hearing under the DCAPA. Consequently, the trial court did not err in granting appellee's motion for summary judgment. *See Ellis v. Safeway Stores, Inc.,* 410 A.2d 1381, 1382 (D.C.1979).

*Affirmed.*

tion of water charges, in advance or otherwise, from the owner or occupant of any building, establishment, or other place furnished water or water service by the District, and to shut off the water supply to any such building, establishment, or other place upon failure of the owner or occupant thereof to pay such water charges within thirty days from the date of rendition of the bill therefor. Such authority to shut off the water supply may be exercised by the Commissioner regardless of any change in ownership or occupancy of such building, establishment, or other place. When the water supply to any such building, establishment, or other place has been shut off for failure to pay such water

charges, whether the water supply to such building, establishment, or other place was shut off before or after the enactment of this title, the Commissioner shall not again supply such building, establishment, or other place with water until all arrears of water charges, together with penalties and the costs actually incurred in shutting off and restoring the water supply, are paid.

8. We note that the due process notice requirement was also satisfied here. *See id.* at 14, 98 S.Ct. at 1562. Appellee informed appellant of the procedures she could follow to protest her bill in June 1979, approximately ten months before she filed this action.