Brenda O. GALLOWAY, Appellant,

v.

SAFEWAY STORES, INC., Appellee.

No. 91–CV–789.

District of Columbia Court of Appeals.

Submitted Sept. 16, 1992.

Decided Nov. 1, 1993.

Melissa Rhea, Washington, DC, filed a brief, for appellant.

Kelly A. Saunders, Washington, DC, filed a brief, for appellee.

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

SULLIVAN, Associate Judge:

Appellant, Brenda O. Galloway, appeals from an order of the motions judge granting summary judgment in favor of appellee, Safeway Stores, Inc. She contends that the motions judge erred in ruling that appellee did not have actual or constructive notice of a dangerous condition on its premises. We affirm.

## I.

Appellant sued appellee for damages for personal injuries sustained by her while she was a customer in one of appellee's stores.

She alleged in her complaint that she was injured "after being struck and knocked to the floor by a shopping cart parked [sic] [1] by rowdy children on the store premises." Appellant further alleged in her complaint that appellee "negligently failed to inspect, patrol, and maintain the premises in a safe condition, negligently failed to control the premises, negligently failed to prohibit running and rowdiness on the store premises, and negligently knew or should have known that children running and pushing a shopping cart created an unsafe condition for customers shopping at the store."

## II.

Appellee filed a motion for summary judgment accompanied by the following statement of material facts that appellee claimed did not show the existence of a genuine issue:

1. On or about February 13, 1990, at approximately 8:30 p.m., plaintiff was shopping at the Safeway Store located at 401 M Street, S.W., in the District of Columbia.

2. At the aforementioned time and place, plaintiff was struck by a shopping cart which was being pushed by some children that were in the store.

3. Plaintiff saw the children in and around the store three times before the incident occurred.

4. When plaintiff saw the children prior to the incident, they were talking and giggling among themselves and being normal children.

5. Prior to the incident, plaintiff did not speak to anyone at the store regarding these children.

6. The store manager on the night of the incident, Percy Drummond, did not receive any reports or complaints from anyone about children running around or playing in the store on the evening in question.

7. The children were not supervised by store employees, or any other adult.

1. The record is clear that all parties and the motions judge understood this to mean "pushed."

8. The children were not affiliated with the store in any manner.

Relying on those facts, appellee argued that it did not breach any duty owed to appellant and that there was no dangerous condition on the premises. In the alternative, appellee argued that if there was a dangerous condition on the premises, it was not known to appellee and, moreover, appellee had no duty to supervise the children.

Although appellant filed an opposition to appellee's motion for summary judgment, she did not file a statement of material facts as to which there existed a genuine issue. Appellant did, however, specifically refer to page 22 of appellee's employee handbook which stated that "[h]orseplay can cause injury and damage." She further stated that Safeway "placed a warning in black and white in its employee handbook" that "it was foreseeable that the horseplay of ... youngsters while wheeling around the store in [a] shopping cart could cause injury." She also referred to the deposition testimony of appellee's manager in which he testified that on those occasions during his career with appellee when he had seen children pushing each other in shopping carts, he would ask the children to leave the store. Finally, appellant stated in her opposition to the motion that "after she was hit and injured by the cart, store personnel approached the children, scolded them and in particular told them that ... they had been told previously not to be playing around [in] the store."

In its reply to appellant's opposition, appellee argued that appellant had taken the statement on page 22 of the employee handbook out of context; that the handbook says nothing about *children* and relates only to employee safety and what employees should and should not do. Further, appellee points out that appellant stated in her deposition that the children in appellee's store were "being kids, fooling around, laughing, older child giving the younger children some instructions. She was talking to them about don't touch this."

On June 10, 1991, the motions judge entered an order granting appellee's motion for summary judgment. In his order, the judge noted that:

Plaintiff was not exposed to any unreasonable risk which she, by exercise of ordinary care for her own safety[,] would not discover; nor has plaintiff demonstrated that there existed some dangerous condition of which defendant Safeway knew or should have known.

This appeal followed.

### III.

In considering the grant or denial of a motion for summary judgment, our standard of review is the same as that of the trial court when it considers the motion initially. *Young v. Sherwin–Williams Co., Inc.*, 569 A.2d 1173, 1175 (D.C.1990). Summary judgment is appropriate only if there are no genuine issues of material fact in dispute and if the moving party is entitled to judgment as a matter of law. *Id.; Holland v. Hannan*, 456 A.2d 807, 814 (D.C.1983); *Nader v. de Toledano*, 408 A.2d 31, 41 (D.C.1979), *cert. denied*, 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980); Super.Ct.Civ.R. 56(c). "[A] motion for summary judgment should be granted if (1) taking all reasonable inferences in the light most favorable to the nonmoving party, (2) a reasonable juror, acting reasonably, could not find for the nonmoving party, (3) under the appropriate burden of proof." *Nader, supra*, 408 A.2d at 42. The moving party has the burden of demonstrating the absence of material disputed issues and the right to judgment as a matter of law. *Wyman v. Roesner*, 439 A.2d 516, 519 (D.C. 1981). If it makes that showing "by pointing out that there is a lack of evidence to support the plaintiff's case," it is incumbent upon the non-moving party to show that such an issue exists. *Beard v. Goodyear Tire & Rubber Co.*, 587 A.2d 195, 198 (D.C.1991). The burden on the non-moving party is that "sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Nader, supra*, 408 A.2d at 48 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). Conclusory allegations made by the plaintiff are not sufficient to defeat the entry of sum-

mary judgment. *Beard, supra,* 587 A.2d at 198.

■ In *Ellis v. Safeway Stores, Inc.,* 410 A.2d 1381, 1382 (D.C.1979), we stated:

It is settled in this jurisdiction that grocers are not the "absolute insurers of the safety of all people on their property." The liability which the law places upon grocers such as Safeway for injuries to invitees resulting from the acts of third parties is limited by the tests of reasonableness and foreseeability.

*Id.* (quoting *Graham v. Safeway Stores, Inc.,* 316 A.2d 852, 854 (D.C.1974)). Further, a grocer has a duty to take "reasonable precautions to maintain the store premises in a condition so as not to create an unreasonable risk of harm to customers." *Smith v. Safeway Stores, Inc.,* 298 A.2d 214, 216 (D.C. 1972). A grocer must take "reasonable and appropriate measures to restrict the conduct of third parties which he should have been aware of and should have realized was dangerous." *Graham, supra,* 316 A.2d at 853. "When the courts impose a special duty on store owners to warn, as in *Viands v. Safeway Stores, Inc.,* 107 A.2d 118 (D.C.1954), it is because a certain danger is peculiarly foreseeable to the owner, while unknown to a patron." *Ellis, supra,* 410 A.2d at 1383; *see generally* THOMAS E. MILLER, ANNOTATION, *Liability of Storekeeper to Customer Injured by Shopping Cart, Baby Stroller, or Similar Vehicle Handled or Controlled by Another Customer,* 94 A.L.R.3d 439, § 10 (1979).

### IV.

■ Applying these principles of law to the present case, we are satisfied that appellant has not shown "sufficient evidence supporting the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Nader, supra,* 408 A.2d at 48. In other words, the undisputed facts showed that there was no evidence to put appellee on notice that the children were an unreasonable risk of harm and that appellee did not take proper precautions with regard to them. Moreover, appellant offered no facts to show that her acci-

dent was foreseeable. Accordingly, in our view, the trial court committed no error by granting judgment to appellee on the issue of liability. "To hold otherwise and require grocers to anticipate such unforeseeable incidents—in the absence of compelling justification—would be akin to rendering them the absolute insurers of the safety of all people on their property. This, of course, is not the law in our jurisdiction." *Graham, supra,* 316 A.2d at 854.

■ Appellant relies principally on *Viands, supra,* and *Fleming v. Allied Supermarkets, Inc.,* 236 F.Supp. 306 (W.D.Okla. 1964) to support her contention that the trial court's summary judgment in favor of appellee was inappropriate. In *Viands,* however, the store manager had known for *several months* of the potential hazard posed by the presence of numerous young "agile, scurrying and troublesome boys equipped with wagons" who blocked the exits of the store with their wagons in hopes of carrying bags for customers. *Viands, supra,* 107 A.2d at 121. *Fleming* is likewise inapplicable because *thirty minutes* before the accident, the plaintiff had observed, in the presence and view of an employee of the store, a five-year-old child running in the aisles of a store while pushing a shopping cart in which a two-year-old child was riding; the children had passed other employees of the store with the grocery cart in a similar fashion. *Fleming, supra,* 236 F.Supp. at 308. In the present case, even assuming *arguendo* that a dangerous and unsafe condition caused by the children existed in appellee's store, which we do not find, there is nothing in the record to suggest that appellee knew, or should have known, of its existence. *But cf. Kolosky v. Winn Dixie Stores, Inc.,* 472 So.2d 891 (Fla.Dist.Ct.App. 1985) (evidence was sufficient to support a finding of constructive notice of a dangerous condition and a reasonable opportunity to correct it where it showed that three children, all under the age of six, were observed running unsupervised through the store aisles several times over the course of approximately thirty to forty-five minutes in the presence of six store employees and the store manager).[2]

2. The legal effect, if any, of appellant's statement

in her opposition to appellee's motion for sum-

We hold that appellee was not under an affirmative duty to foresee and protect appellant against the unexpected event which occurred in this case. Accordingly, the trial court committed no error by granting summary judgment in favor of appellee. The judgment on appeal is hereby

*Affirmed.*

mary judgment that "after she was hit and injured by the cart, store personnel approached the children, scolded them and in particular told them that ... they had been told previously not to be playing around [in] the store" was not briefed on appeal. Arguably, because this point has not been urged in appellant's brief, it has been abandoned. *See Cratty v. United States,* 82 U.S.App.D.C. 236, 243, 163 F.2d 844, 851 (1947). Assuming we can properly consider the state-

ment consistent with our *de novo* standard of review, *see Young, supra* at 1175, the statement is attributed to unknown personnel; moreover, the statement is patently conclusory and thus legally insufficient to establish a genuine issue of material fact for a trier of fact. *See Beard, supra* 587 A.2d at 198; *Moseley v. Second New St. Paul Baptist Church,* 534 A.2d 346, 349 (D.C.1987); *Spellman v. American Sec. Bank, N.A.,* 504 A.2d 1119, 1123 (D.C.1986).