CALVIN v. CALVIN et al.
No. 11636.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 18, 1953.

Decided April 1, 1954.

---

Fuller, Washington, D. C., was on the brief, for appellant.

Mr. William T. Hannan, Washington, D. C., with whom Mr. Ralph F. Berlow, Washington, D. C., was on the brief, for appellees.

Before EDGERTON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Margaret Jean Calvin, as fiduciary for certain of her nieces and nephews, brought suit in 1945 against George Gormley, Thomas Hook, Sr., and the National Metropolitan Bank, seeking cancellation of a deed of conveyance on the ground of fraud.[1] The property, known as the Bradford Apartment, was located at 1800 K Street, N.W., Washingson, D. C. Defendant Gormley claimed the property as collateral for an indebtedness owing from plaintiff, and asserted a like claim to two other properties, 1433 Columbia Road, N.W., and 1413 Girard Street, N.W. Certain of plaintiff's relatives intervened seeking a judgment declaring them to be the rightful owners of the three properties and also of the property at 219 H Street, N.W. Their claim was founded upon a joint venture investment alleged to have been managed by plaintiff in their behalf. Plaintiff amended her complaint asserting in herself sole equitable ownership of the properties. After a lengthy trial judgment was rendered in May, 1949, awarding full ownership of the four properties to plaintiff's intervening relatives.[2] Plaintiff's appeal to this court was dismissed. Certiorari was denied sub nom. Calvin v. Anderson, 341 U.S. 942, 71 S.Ct. 997, 95 L.Ed. 1368.

In the present suit, filed October 27, 1951, against the relatives for whom

Mr. LaVern R. Dilweg, Washington, D. C., with whom Mr. Thomas Bruce

1. Civil Action No. 28,078 in the United States District Court for the District of Columbia. Hook was sued as record title-holder as a result of Gormley's alleged fraud; the Bank as collector of the rents and profits.
2. The court found that each of the four properties had been purchased by plaintiff "as agent for the joint investment group", she having "no interest whatever therein either legal or equitable." The court made the further finding that "even though the plaintiff would have any interest whatever in the properties referred to in this action, she has declared an express trust in said properties and has consistently and repeatedly in writing, as well as by testimony adduced herein, manifested an intention of so doing" for the use and benefit of intervenors.

**228**

judgment was thus entered, and others involved in the earlier suit,[3] plaintiff Calvin relies upon the finding there made of an express trust, see n. 2, supra. She now seeks to have such trust set aside as having been created through mistake, fraud and duress. She prays for a decree that she is sole owner of the properties, for accrued rents and profits therefrom,[4] and for personalty contained therein. In the alternative she seeks recovery of damages for the conversion of the personalty, recovery of all personal funds invested by her in the properties, an accounting and delivery of all sums expended by her for insurance, repairs and taxes on the properties, and recovery of a reasonable sum for services rendered on behalf of the joint venture investment from 1930 to 1946.

Defendants pled res judicata, the statute of limitation or laches, and estoppel by the contrary allegations of plaintiff's complaint and testimony in the former suit. Defendants' motion for summary judgment was granted, the court holding that the complaint raises no genuine issue of material fact. Plaintiff appeals.

■ We first dispose of appellees' contention that the appeal must be dismissed for lack of jurisdiction due to failure to file notice of appeal within thirty days from the entry of judgment, as required by Rule 73(a), Fed.R.Civ.P., 28 U.S.C.A. The notice was filed within thirty days of the denial of a motion for rehearing, but more than thirty days from the date of judgment. Appellees argue that a motion for rehearing is not one of the motions which, under Rule 73(a), extends the time for filing notice of appeal. We have held, however, that a petition for rehearing is in all respects the same as a motion for new trial under the Federal Rules, Safeway Stores v. Coe, 78 U.S. App.D.C. 19, 21, 136 F.2d 771, 773, 148 A.L.R. 782, and hence extends the time for filing notice of appeal.

■■ On the merits appellant urges that, though in the former suit the court found an express trust for the sole use and benefit of appellees[5] the court did not determine whether the trust was revocable or was created through mistake, fraud or duress, issues which she seeks now to have determined. But all these matters were material to the question of existence of a valid trust, which was fully litigated in the former suit. The judgment therein is conclusive of all claims made and of every ground which might have been urged in their support. Cromwell v. County of Sac., 94 U.S. 351, 352–353, 24 L.Ed. 195; Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069.

Moreover, the phrasing of the finding of an express trust "even though the plaintiff would have any interest whatever in the properties referred to in this action, she has declared an express trust in said properties" appears to have been intended as no more than added emphasis to the previous finding that the properties had been acquired by plaintiff, not for her own use and benefit, but for the joint investment group.

Appellant's claim for the accrued rents and profits of the properties is similarly barred by the earlier adverse judgment as to ownership of the properties.

So too her claim based upon alleged conversion of personal property. Her amended complaint in the earlier suit stated its subject matter to be "realty, accrued rents and profits therefrom, and personalty connected therewith". It alleged that she was sole equitable owner of the four properties "and the furnishings and equipment used in connection therewith". It prayed for an injunction restraining defendants from "making

3. The receivers, the record title-holders of the four properties, and the National Metropolitan Bank.

4. As a separate claim, plaintiff seeks recovery from the National Metropolitan Bank of accumulated rents and profits from the Bradford Apartment, alleged to have been collected by the Bank. It appears from the record that plaintiff's complaint against the Bank was dismissed without objection on March 18, 1952, and is not before us for review.

5. See note 2, supra.

any disposition whatever of any of the realty or personalty above described * * * and from doing any act calculated to diminish the interests which plaintiff has in said property". Ownership of the personalty was thus put in issue. Though the court made no express finding in this regard, the judgment dismissing the amended complaint effected a dismissal with prejudice of her claim therein to personalty.

■ Nor does plaintiff's effort to recover personal funds invested by her in the properties raise a genuine issue of fact. Though not pleaded this was litigated in the former suit as material to the issue of ownership of the properties. The court expressly found that "the monies used to acquire the [properties] were at all times the monies of the joint investment group."

From what has been set forth we conclude that the issues respecting the alleged trust, accrued rents and profits, conversion of personal property, and personal funds alleged to have been invested by appellant in the properties have been litigated to final judgment in the former suit. Accordingly, summary judgment for appellees on these issues was properly entered by the court below.

■■ There remain the claims for sums expended by plaintiff for insurance, repairs and taxes on the properties, and for reasonable compensation for services rendered on behalf of the joint venture during the years 1930 to 1946. These claims were not raised by the pleadings and were not the subject matter of any finding in the earlier suit.[6] Hence summary judgment as to them cannot be sustained on the basis of res judicata. Appellees urge, however, the bar of the statute of limitation because the last of the alleged services and payments occurred in 1946 when the properties were put in the hands of receivers pending the outcome of the former litigation. Appellant contended below, however, that the absence of some defendants from the District tolled the statute under the provisions of § 12–205, D.C.Code, 1951.[7] While the pleadings on their face indicate that defendant relatives were non-residents of the District at the time of trial appellant raised the issue of their having been District residents when the causes of action accrued, with subsequent absence from the District.[8] This was a genuine issue of fact material to a decision on the question of limitation and precluded summary judgment as to such relatives.

Appellant also urges on appeal, though this was not pleaded in the complaint,[9] that certain appellees committed a fraud on the court in the former suit by giving perjured testimony and by misleading the court into thinking they intervened solely to protect appellant's interests in the properties, whereas in fact they sought judgment solely for their benefit. The record leaves us in no doubt that the trial court knew the intervenors claimed full ownership in themselves and were not seeking to aid appellant. As to the alleged perjury, appellant does not specify what it was or by whom it was committed. Considering the entire situation before the court below the reference to perjury in her pleading did not

6. As to the claim for services appellees rely upon findings which they contend established that appellant was paid therefor. Construing these findings most favorably to appellees they at most dispose of appellant's claim only for the years 1941 to 1945, whereas she sues for the years 1930 to 1946.

7. "If, when a cause of action accrues against a person who is a resident of the District of Columbia, he is out of the District or has absconded or concealed himself, the period limited for the bringing of the action shall not begin to run until he comes into the District or while he is so absconded or concealed * * *."

8. This distinguishes the case from Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161, where the issue as to tolling of the statute had not been raised at the hearing on the motion for summary judgment.

9. The claim was presented to the trial court in affidavits and Points and Authorities in support of and in opposition to various motions.

adequately raise a genuine issue of material fact so as to avoid the entry of summary judgment.

With respect to the claims for funds expended on insurance, repairs and taxes, and for reasonable compensation for services, the judgment must be reversed as to the defendant relatives, and the case remanded. In all other respects the judgment is affirmed.

Affirmed in part, in part reversed and remanded for further proceedings not inconsistent with this opinion.