**David WILLIS, Appellant,**

v.

**James E. CHEEK et al., Appellees.**

**No. 11138.**

District of Columbia Court of Appeals.

Argued Jan. 18, 1977.

Decided May 22, 1978.

Joseph B. Bullock, Alexandria, Va., with whom Frank R. Cook, Washington, D. C., was on the brief, for appellant.

Dorsey Edward Lane, Washington, D. C., submitted on the brief for appellees.

Before GALLAGHER and HARRIS, Associate Judges, and PAIR, Associate Judge, Retired.

HARRIS, Associate Judge:

Appellant Willis brought an action against Howard University and several of its officials. He charged that the appellees had fraudulently deceived him into believing that his position in the University's Physical Plant Department was being abolished, leading him to resign after he later became dissatisfied with a reassignment which he felt was unsuited to his skills. Appellant seeks to overturn the trial court's order which granted defendants' motion for summary judgment We affirm.

The depositions and affidavits in the record indicate that in April of 1971, appellant was appointed to the position of Master Electrician in the Operations & Maintenance Division of the University's Physical Plant Department. He successfully completed a one-year probationary employment period which, we assume, entitled him to such job security rights that his outright, unconsented-to discharge would have been improper.* In May of 1972, the University

---

* The record does not make clear what rights had vested in Willis by virtue of his having completed the probationary period. Since he opposed the motion for summary judgment, we view the facts in the light most favorable to him. *See Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

notified appellant that it had decided to abolish the position of Master Electrician, and offered him a job reassignment in the Planning and Control Division. Concluding that the new position permitted him only a limited opportunity to utilize his skills as an electrician, appellant soon thereafter agreed to a voluntary termination of his employment with the University.

In his complaint, Willis alleged that "the apparent decision by the University to abolish his position of Master Electrician did not in fact occur, either at the time of the purported termination of his job or within a reasonable time thereafter," but was instead "a deliberate scheme, ruse and artifice perpetuated [sic] by the University and its agents . . . to wrongfully effectuate his dismissal outside of standard university job policy, rules and regulations." Appellant sought a number of remedies, including reinstatement and an award of back pay, punitive damages, and attorneys' fees.

Pursuant to customary discovery procedures, documents were produced by the defendants and Willis and several of the University's administrative officials were deposed. Following such discovery the defendants moved for summary judgment under Super.Ct.Civ.R. 56(b). Accompanying the motion were appellant's deposition and an affidavit of defendant Alexander Chalmers, as well as defendants' "Statement of Material Facts as to Which There Is No Genuine Issue" as required by Super.Ct. Civ.R. 12–I(k). Also before the trial court were the aforementioned depositions of several of the University's administrative officials, including those of two of the defendants. In his response to the defendants' motion, appellant alleged that "a clear factual dispute existed as to the defendants' use of fraud which led to Willis' termination." That response was accompanied by an affidavit of Clifton Butler, a former fellow employee of appellant's at the University. The trial court held a hearing on the motion, and entered summary judgment in favor of the defendants.

On appeal Willis claims that his pleadings, the depositions accompanied by exhibits, and his response (with its accompanying affidavit) to appellees' motion for summary judgment complied with Super.Ct.Civ.R. 56(c) and (e) and Rule 12–I(k) so as to bar the granting of summary judgment. We disagree. Of all the materials filed with the trial court, the only sworn document which even remotely supports appellant's contention of a fraudulent scheme to deprive him of his job is the affidavit of his former co-worker Butler. Butler described a quarrel he had witnessed between appellant and one of his supervisors (appellee Miller) over the proper performance of certain work. At best, this would be circumstantial evidence tending to show that one of the appellees had some hostility toward appellant, that this appellee thus might wish to deprive appellant of a job, and therefore that appellee Miller might wish to induce others—who had no identifiable motive for mistreating appellant—into participating in a conspiracy to induce him into voluntarily surrendering his position as a Master Electrician.

The depositions and affidavits of the individual appellees and other University employees, however, completely rebutted the allegations of fraud and deceit. From their statements and the undisputed facts alleged and admitted to in the pleadings, it is apparent that during the period of appellant's employment as a Master Electrician, an administrative review of the Physical Plant Department revealed that appellant's position in the Operations & Maintenance branch was superfluous. At the same time it was determined that there existed a manpower shortage in the Planning and Control Division, in which it was felt that many of appellant's talents could be utilized. Accordingly, appellant was offered a permanent position in Planning and Control at the same rate of pay and without any loss of employee benefits. Appellant eventually turned out to be unhappy in his new position, and, after discussing the matter with his superiors, agreed to a voluntary termination of his employment.

There also were sworn statements to the effect that the position of Master Electrician subsequently was abolished in the Physical Plant Department. Appellant stated in his deposition that he had learned that the job of Master Electrician was not in fact abolished, but he declined to state how or when that alleged information came to his attention. Such an unsubstantiated averment was insufficient to rebut the proof which had been sworn to by appellees and other University employees having firsthand, personal knowledge of the matter.

 Summary judgment is an extreme remedy which is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.,* 321 U.S. 620, 627, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Malcolm Price, Inc. v. Sloane,* D.C. App., 308 A.2d 779, 780 (1973). A party moving for summary judgment has the burden of proving that there is no issue of material fact, and all inferences which may be drawn from subsidiary facts are to be resolved against him. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *see Malcolm Price, Inc. v. Sloane, supra,* at 780. In the instant case, appellees carried their initial burden of showing that there were no material facts in dispute. Appellant contends that he sufficiently rebutted that showing through his complaint and through his response in opposition to appellees' motion. In his response appellant stated: "At trial, it will be shown that the master electrician position remained on the books long after Willis was fraudulently induced to resign." No evidence was offered to support that allegation, however. Similarly, no evidence was offered to substantiate appellant's claim of fraud except for the limited circumstantial evidence concerning appellant's argument with appellee Miller—an incident which Miller, when deposed by appellant, testified he could not even remember. Super.Ct.Civ.R. 56(e) provides in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In this vein, we have stated that:

It will not do to say that, given an opportunity to have a full trial, appellant might bring forward other evidence in the way of writings or proof of circumstances over and above that disclosed by the record at the time of the granting of the motion. Appellant may not hold back any evidence or fail to make full disclosure of the facts upon which he relied for recovery. Disclosure under summary judgment must be full and complete. [*Yates v. District Clothing, Inc.,* D.C. App., 241 A.2d 596, 599 (1968) (citation omitted).]

 We conclude that appellant failed to provide sufficient proof of the alleged false representations of appellees to demonstrate a genuine factual dispute necessitating denial of the summary judgment motion. Evidence that only one of several alleged coconspirators had even a possible motive to injure him is of little relevance in light of the convincing evidence indicating legitimate motives on the part of appellees.

 We recognize that summary judgment is to be used sparingly in cases involving motive or intent. *Poller v. CBS,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). Nonetheless, if, in an action based on alleged fraud and deceit, a movant succeeds in demonstrating that there is no genuine dispute as to the lack of the requisite state of mind on the part of the defendants and his opponent utterly fails to rebut that showing, summary judgment is proper. *See, e. g., First National Bank v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968) (conspiracy to restrain trade); *Washington Post Co. v. Keough,* 125

U.S.App.D.C. 32, 365 F.2d 965 (1966), *cert. denied,* 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967) (actual malice in libel suit); *Hahn v. Sargent,* 523 F.2d 461 (1st Cir. 1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (conspiracy to deny civil rights); *Ginger v. Guardian Steel Corp.,* 325 F.2d 664 (6th Cir. 1963) (fraud).

*Affirmed.*